USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#:
DATE FILED:

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ISIDRO RECIO, DARIO ALMONTE, RADHAMES RODRIGUEZ, JOSE PICHARDO DE LA CRUZ, ULRICH ZIMERMAN HERNANDEZ, RAMON MUNOZ, and AMIORYS PEGUERO, *on behalf of themselves and all others similarly situated*,

                Plaintiffs,

v.

D'ALMONTE ENTERPRISES PARKING GARAGE, INC., RAMCELL PARKING CORPORATION, IB PARKING LOT, INC., 119 PARKING LOT CORPORATION, RAFAEL ALMONTE, DAYHANA MARTINEZ, KELVIN MEJIA, ARIEL REYES, and MIGUEL VELAZQUEZ,

                Defendants.

No. 22-cv-6153 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

It has been reported to this Court that mediation in this action was unsuccessful. It is hereby:

ORDERED that, to conserve resources, to promote judicial efficiency, and in an effort to achieve a faster disposition of this matter, the parties must discuss whether they are willing to consent, under 28 U.S.C. § 636(c), to conducting all further proceedings before Magistrate Judge Gorenstein. If both parties consent to proceed before Magistrate Judge Gorenstein, they must, **within two weeks of the date of this Order**, submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge form, a copy of which is available at http://nysd.uscourts.gov/file/forms/consent-to-proceed-before-us-magistrate-judge. If the Court

approves that form, all further proceedings will then be conducted before Judge Gorenstein. Any appeal would be taken directly to the United States Court of Appeals for the Second Circuit, as it would be from this Court if the consent form were not signed and so ordered.

If any party does not consent to conducting all further proceedings before the Magistrate Judge, the parties must file a joint letter, **within two weeks of the date of this Order**, advising the Court that the parties do not consent, **but without disclosing the identity of the party or parties who do not consent**. No adverse consequences will result from the withholding of that consent.

The parties are reminded that, in most cases, settlements of claims under the FLSA must be approved by the Court. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). If the parties reach a settlement, therefore, they may either (i) submit the settlement agreement to the Court along with a joint letter explaining the basis for the proposed settlement and why it should be approved as fair and reasonable, or (ii) consent to proceed for all purposes before Judge Gorenstein, in which case Judge Gorenstein would decide whether to approve the settlement.

SO ORDERED.

Dated:   November 30, 2022
         New York, New York

                                        Hon. Ronnie Abrams
                                        United States District Judge