UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
                                                                                          :

ISIDRO RECIO et al.,

                                                                                          :

             Plaintiffs,

                                                                                          :       ORDER

         -v.-

                                                                                         :       22 Civ. 6153 (RA) (GWG)

D'ALMONTE ENTERPRISES PARKING
GARAGE, INC. et al.,                                                         :

                      Defendants.                    :
---------------------------------------------------------------x

**GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE**

      The Court is in receipt of an application by plaintiffs to compel defendants to comply with various discovery requests. See Docket # 53. Defendants have filed a letter in response. See Docket # 54. Plaintiffs' letter is detailed and includes citation to case law justifying their requests. Defendants' letter by contrast is dismissive and conclusory. While defendants have mentioned some requests to a limited degree (Interrogatory Nos. 18-20[1] and Document Request No. 1, 39), the defendants have failed to address any of the remaining requests other than to say that the requests are "overly broad and ambiguous." See Docket # 54 at 1. Thus defendants have given us no reason why their objections should not be overruled as to these remaining requests.

      Accordingly, we rule as to each of the requests as follows, with a caveat that we describe at the conclusion of the Order.

**Identity of Putative Class Members**:

      Defendants only objection to this category appears to be the inclusion of "superintendents and/or foreman" in the group. Docket # 54 at *1. N.1. That objection is sustained but all other objections are overruled.

      Accordingly, on or before July 21, 2023, defendants shall produce, per Document Request No. 1, "[a]ll documents concerning the identity of all Putative Class Members, that is, all current and/or former employees of the Defendants (including but not limited to all Named

---

[1] At the top of the second (unnumbered) page of their letter, defendants refer to two separate requests as Interrogatory No. 19. See Docket # 54 at *2. We construe the first reference to Interrogatory No. 19 as being intended to refer to Interrogatory No. 18, which also accords with the description of that interrogatory provided in plaintiffs' letter. See Docket # 53 at 4.

Plaintiffs) who perform or have performed work for the Defendants, for the period from December 3, 2015, to the present." See Docket # 53 at 2. .

On or before July 21, 2023, defendants shall respond to Interrogatory No. 3 requiring that they "[i]dentify all Putative Class Members." See id. at 2.[2]

**Ownership Structure**:

Defendants seek documents responsive to the following requests: Document Request No. 38, which seeks "[a]ll documents identifying ownership and/or organizational structure of the Corporate Defendants, including but not limited to organizational charts, Certificates of Formation, By-Laws, Corporate Tax Returns, and Property Deeds and Leases"; and Document Request No. 39, which seeks "[a]ll records concerning payments made from one Defendant to another Defendant." See Docket # 53 at 2-3.  As to Document Request No. 39, defendants note that the phrase "all records" is broad.  Docket # 54 at *3.

The Court agrees that the phrase "all records" in Document Request No. 39 is unnecessarily broad.  Accordingly, defendants need not respond to the request in its current form.  Rather, the parties shall discuss this request in an effort to narrow it.

As to Document Request No. 38, defendants shall produce any responsive documents by July 21, 2023.

Also, on or before July 21, 2023, defendants shall respond to Interrogatory Nos. 10, 12, 14, and 16.

All objections to the above requests (other than those made with respect to Document Request No. 39) are overruled.

**Identity of Supervisors**:

On or before July 21, 2023, defendants shall provide all documents responding to Document Request No. 15, which requests: "[a]ll documents concerning the identity of any manager, superintendent, foreperson or other supervisory personnel employed by any Defendant to oversee work of any Named Plaintiff or Putative Class Member." See Docket # 53 at 3.

On or before July 21, 2023, defendants shall respond to Interrogatory Nos. 7, 8, and 9.

All objections to these requests are overruled.

---

[2] Obviously defendants may respond to this or any other interrogatory mentioned herein by referring to business records to the extent permitted by Fed. R. Civ. P. 33(d).

2

**Overtime and Spread of Hours**:

Defendants object to Interrogatory Nos. 18 and 20 as being "compound-interrogatory requests that elicit a detailed narrative response" and that the information should be obtained during depositions. See Docket # 54 at 1-2. The Court agrees with defendants that the information sought by these interrogatories is overbroad. Fed. R. Civ. P. 33(d) may be a more appropriate way to respond to these requests. The parties are directed to confer again by telephone. If a dispute remains as to how to respond, the dispute may be brought to the Court's attention by means of a letter compliant with paragraph 2.A of the Court's Individual Practices.

**Communications with Plaintiffs Regarding Pay**:

Plaintiffs summarize Interrogatory No. 19 as asking "each Defendant to identify each communication made to a Named Plaintiff or Putative Class Member concerning their compensation." See Docket # 53 at 4. Defendants appear to include this interrogatory in their listing of examples of discovery requests that "are overly broad and ambiguous" and for which defendants "are unable to provide responses." See Docket # 54 at 1. The defendants' fail to explain what the burden is of responding to this request. The Court suspects that there are very few written communications between employers and employees in a parking garage regarding pay. Accordingly, the objections are overruled. Defendants shall supply the documents by July 21, 2023.

**Information Regarding Defendants' Accountant**:

On or before July 21, 2023, defendants shall provide the documents responsive to Document Request No. 16, which plaintiffs summarize as requesting "for the period from December 3, 2015 to the present," "all documents concerning and/or identifying the individuals responsible for the preparation and maintenance of payroll records for the Defendants" and shall provide the documents responsive to Document Request No. 17, which requests all such documents for "the persons who exercised managerial and/or supervisory authority over the 8 individuals responsible for the preparation and maintenance of payroll records for the Defendants." See Docket # 53 at 4.

On or before July 21, 2023, defendants shall respond to Interrogatory No. 9, which asks defendants to "[i]dentify all persons responsible for establishing the pay practices, including but not limited to the pay rates, pay increases, and wage deductions, applied to the Named Plaintiffs and Putative Class Members." See id.

All objections to these requests are overruled.

**Privilege Log**:

Plaintiffs state that defendants objected to "many" of their requests by invoking possible privilege without providing a privilege log. See Docket # 53 at 5. Plaintiffs seek an order compelling defendants to prepare a privilege log or withdraw these objections. Id. Defendants

provided no reason to oppose these requests.  For any document withheld on grounds of privilege, a privilege log shall be provided to plaintiffs by July 21, 2023.

**Old Cases and Complaints**:

On or before July 21, 2023, defendants shall produce the document responsive to plaintiffs' Document Request Nos. 44-47, which "seek any old cases and complaints against the Defendants of any prior wage and hour violations," see Docket # 53 at 5, "from 2013 to the present," see id. at 5 n.1.  All objections to these requests are overruled.

**Caveat as to Above Rulings**

While the Court has rejected defendants' objections to the requests as described above, the Court recognizes the possibility that some requests as currently written may create an undue burden on the defendants.  Inasmuch as the defendants never addressed the alleged burden with any specificity, however, the Court has rejected such claims.  Nonetheless, the Court will allow that if a particular request is unduly burdensome, the defendants have leave to seek to narrow their obligation to produce documents pursuant to that request.  If the parties cannot reach agreement, the Court would consider an application from defendants to narrow the request only if: (1) defendants immediately contact plaintiffs to seek to a conference as to the issue; (2) defendants actually confer with plaintiffs at length in an effort to resolve the burden issue (obviously plaintiffs must cooperate in this process); and (3) if no agreement can be reached, defendants immediately make an application to the Court that is compliant with paragraph 2.A of the Court's Individual Practices and that describes both sides' positions in detail.

Additionally, the parties may agree to alter the deadlines in this Order by written agreement and without Court order.

SO ORDERED.

Dated:  New York, New York
        June 30, 2023

_____
GABRIEL W. GORENSTEIN
United States Magistrate Judge