UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

ISIDRO RECIO, DARIO ALMONTE, RADHAMES
RODRIGUEZ, JOSE PICHARDO DE LA CRUZ, and
ULRICH ZIMERMAN HERNANDEZ, on behalf of
themselves and all others similarly situated who were
employed by D'Almonte Enterprises Parking Garage
Inc., Ramcell Parking Corporation, B Parking Lot,
Inc.,119 Parking Lot Corporation, Rafael Almonte,
Dayhana Martinez, Kelvin Mejia, Ariel Reyes, and
Miguel Velazquez.

                              Plaintiffs,

D'ALMONTE ENTERPRISES PARKING GARAGE
INC.,   RAMCELL PARKING CORPORATION, IB
PARKING LOT, INC., 119 PARKING LOT
CORPORATION, RAFAEL ALMONTE, DAYHANA
MARTINEZ, KELVIN MEJIA, ARIEL REYES, and
MIGUEL VELAZQUEZ,

                              Defendants.

------------------------------------------------------------------------X

Civil Action

Case No.: 22-CV-6153-RA-GS


**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR
LEAVE TO FILE A SECOND AMENDED COMPLAINT**

Anna Goldstein, Esq.
Arenson, Dittmar & Karban
420 Lexington  Avenue, Suite 1402
New York, New York 10170
Tel: (212) 490-3600
Fax: (212) 682-0278
www.adklawfirm.com
*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

*PRELIMINARY STATEMENT*............................................................................................*1*

*ARGUMENT* ....................................................................................................................*2*

    *I.    Legal Standard*.......................................................................................................*2*

    *II.   None of the Factors Warranting Denial of a Motion for Leave to Amend Are Present Here.*................................................................................................................................*2*

        *a.    Plaintiffs Have Not Engaged in "Undue Delay".* ..........................................*2*

        *b.    There Is No Evidence of Bad Faith by the Plaintiffs.*.....................................*3*

        *c.    Defendants Will Not Be Prejudiced Should the Court Grant Plaintiffs' Motion for Leave to File the Proposed Second Amended Complaint.* ....................................*4*

        *d.    Plaintiffs' Proposed Claims Are Not Futile*................................................*5*

*CONCLUSION* .................................................................................................................*9*

**TABLE OF AUTHORITIES**

**CASES**

*Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016)............................................4

*Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002) ...............................................................9

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)...........................................................................6

*Berman v. Parco*, 986 F. Supp. 195 (S.D.N.Y. 1997) ........................................................2

*Block v. First Blood Assocs.*, 988 F.2d 344 (2d Cir. 1993) ..............................................4, 5

*Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526 (S.D.N.Y. July 18,

2014)...............................................................................................................................5

*Clarke v. Intercontinental Hotels Grp.*, PLC, No. 12 Civ. 2671 (JPO), 2013 WL 2358596,

(S.D.N.Y. May 30, 2013) ..............................................................................................7

*Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42 (2d Cir.1991)................................5

*Cresswell v. Sullivan & Cromwell*, 922 F.2d 60 (2d Cir.1990)........................................2

*Foman v. Davis*, 371 U.S. 178 (1962) ..........................................................................2, 3

*Friedl v. City of New York*, 210 F.3d 79 (2d Cir. 2000) ...................................................3

*Grant v. Citibank (S.D.), N.A.*, 2010 WL 5187754 (S.D.N.Y. Dec. 6, 2010) .................2

*Grochowski v. Phoenix Construction*, 318 F.3d 80 (2d Cir. 2003) ..................................5

*Harding v. Dorilton Cap. Advisors LLC*, 635 F. Supp. 3d 286 (S.D.N.Y. 2022) ...........7

*Harris v. Forklift Sys., Inc.*, 510 U.S. 17 (1993) .............................................................6

*Johnson v. Andy Frain Servs., Inc.,* 638 F. App'x 68 (2d Cir. 2016) ...............................7

*Littlejohn v. City of N.Y.*, 795 F.3d 297 (2d Cir. 2015) ...................................................6

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102 (2d Cir. 2013) .................7, 8, 9

*Milanese v. Rust–Oleum Corp.*, 244 F.3d 104 (2d Cir. 2001)..........................................2

*Monahan v. New York City Dep't of Corr.*, 214 F.3d 275 (2d Cir. 2000) ......................................4

*Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114 (2d Cir. 2012) ........................5, 6

*Patane v. Clark*, 508 F.3d 106 (2d Cir. 2007) ......................................................................6, 7

*Randolph Found. v. Duncan*, No. 00-CV-6445, 2002 WL 32862 (S.D.N.Y. Jan. 11, 2002) ........4

*Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647 (2d Cir.1987) ....................................3

*Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11 (2d Cir. 2014) .............................6

*Roller Bearing Co. of Am. v. Am. Software, Inc.*, 570 F. Supp. 2d 376 (D. Conn. 2008) ...............4

*Ruotolo v. City of New York*, 514 F.3d 184, (2d Cir. 2008) .........................................................5

*Schwapp v. Town of Avon*, 118 F.3d 106 (2d Cir. 1997) ...........................................................7

*Snell v. Suffolk Cty.*, 782 F.2d 1094 (2d Cir. 1986) ..................................................................7

*State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843 (2d Cir.1981) ............................3, 4

*Terry v. Ashcroft*, 336 F.3d 128 (2d Cir. 2003) .......................................................................7

*Underwood v. Roswell Park Cancer Inst.*, No. 15-CV-684-FPG, 2017 WL 1593445 (W.D.N.Y.
   May 2, 2017) ......................................................................................................................5

*Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27 (1st Dep't 2009) ............................................8

*Wilson v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 4558 (JMF), 2021 WL 5179914 (S.D.N.Y.
   Nov. 8, 2021) .....................................................................................................................8

**STATUTES**

29 U.S.C. §§ 201 et seq .............................................................................................................1

42 U.S.C. §1981 ...............................................................................................................1, 6, 9

Local Civil Rights Restoration Act of 2005, § 7, N.Y.C. Local L. No. 85 ....................................9

N.Y. Lab. Law. §§ 190 et seq.....................................................................................................1

N.Y. Lab. Law §§ 650 ...............................................................................................................1

N.Y.C. Admin. Code §8-107 ..............................................................................1, 6, 7, 9

**RULES**

Fed. R. Civ. P. 15(a) ..............................................................................................2

Fed. R. Civ. P. 12(b)(6) ......................................................................................5, 6

## PRELIMINARY STATEMENT

Plaintiffs Isidro Recio ("Recio"), Dario Almonte ("D. Almonte"), Radhames Rodrigez ("Rodriguez"), Jose Pichardo de la Cruz ("de la Cruz"), and Ulrich Zimerman Hernandez ("Hernandez") (collectively, the "Named Plaintiffs"), bring their claims individually and on behalf of the putative collective and class (collectively "Plaintiffs") in the above-captioned class and collective action litigation. Plaintiffs allege a failure on the part of D'Almonte Enterprises Parking Garage, Inc., Ramcell Parking Corporation, IB Parking Lot, Inc., and 119 Parking Lot Corporation (collectively, the "Corporate Defendants"), and Rafael Almonte ("R. Almonte"), Dayhana Martinez ("Martinez"), Kelvin Mejia ("Mejia"), Ariel Reyes ("Reyes"), and Miguel Velazquez ("Velazquez") (the "Individual Defendants")(collectively, "Defendants") to pay Plaintiffs the minimum wage, overtime wages, and off-the-clock hours for work they performed on Defendants' behalf, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA") and New York Labor Law, N.Y. Lab. Law. §§ 190 et seq., § 650, et al. ("NYLL"). Plaintiffs further allege that Defendants improperly took deductions out of Plaintiffs' wages and failed to provide Plaintiffs with Wage Theft Protection Act ("WTPA") statements and notices in violation of the NYLL.

During discovery, allegations that three of the Individual Defendants, Defendants Almonte, Reyes, and Velazquez, created a racially hostile work environment at Defendants' garage sites, in violation of 42 U.S.C. §1981, and the New York City Human Rights Law, N.Y.C. Admin. Code §8-107 ("NYCHRL") came to light. (Goldstein Aff. ¶5, 6.) On September 12, 2023, Plaintiffs sought permission from the Defendants to file a Second Amended Complaint with the Court to include these claims and attached Plaintiffs' Proposed Second Amended Complaint (the "Proposed Second Amended Complaint"). (Goldstein Aff. ¶8; Ex. A.) On September 18, 2023, Defendants informed Plaintiffs that they did not consent to the filing of the Proposed Second Amended

1

Complaint. (Goldstein Aff. ¶9.) Accordingly, Plaintiffs now seek an Order from the Court pursuant to Fed. R. Civ. P. 15(a) granting Plaintiffs leave to file the Proposed Second Amended Complaint (Goldstein Aff., Ex. A) which includes these additional claims.

## ARGUMENT

### I.      Legal Standard

Rule 15(a) of the Federal Rules of Civil Procedure provides that where leave of court is required for a party to amend its pleading, "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The decision to grant leave to amend lies soundly within the discretion of the trial court. *See Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). Amendments are generally favored because they facilitate a proper decision on the merits. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.")

Under the liberal standard governing Rule 15(a), leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust–Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman,* 371 U.S. at 182). The "non-movant bears the burden of showing prejudice, bad faith and futility of the amendment." *Grant v. Citibank (S.D.), N.A.*, 2010 WL 5187754, at *6 (S.D.N.Y. Dec. 6, 2010). In general, "[p]rejudice to the opposing party if the motion is granted has been described as the most important reason for denying a motion to amend." *Berman v. Parco*, 986 F. Supp. 195, 217 (S.D.N.Y. 1997)(internal quotations and citations omitted).

### II.     None of the Factors Warranting Denial of a Motion for Leave to Amend Are Present Here.

#### a.  *Plaintiffs Have Not Engaged in "Undue Delay".*

Plaintiffs have not engaged in "undue delay" in seeking leave to file the Proposed Second Amended Complaint. Only during the course of conducting discovery did counsel understand that Plaintiff Recio had additional claims against some of the Individual Defendants. (Goldstein Aff. ¶5, 6.) Plaintiffs therefore promptly sought permission from Defendants to file the Second Amended Complaint to add these additional allegations. (Goldstein Aff. ¶8.) Courts in this Circuit have specifically found that there was no undue delay when an amendment is proposed after new facts emerge during the course of discovery. *See e.g., Friedl v. City of New York*, 210 F.3d 79, 88 (2d Cir. 2000) (finding no undue delay "given that the amendment was proposed only after discovery revealed additional relevant facts").

Further, courts in the Second Circuit regularly grant a party leave to file an amended pleading when there is a greater span of time between the filing of an original answer and any attempt to amend a complaint. *See Richardson Greenshields Secs., Inc. v. Lau*, 825 F.2d 647, 653 n. 6 (2d Cir.1987) (collecting Second Circuit cases where leave to amend was granted after delays ranging from two and five years). Plaintiffs' original Complaint was filed on July 19, 2022, and the Defendants filed their original Answer on October 24, 2022. (ECF No. 10.) Plaintiffs thereafter filed the First Amended Complaint on November 14, 2022. (ECF No. 16.) Defendants filed their Answer to the Amended Complaint on November 28, 2022. (ECF No. 19.) Accordingly, there has been no undue delay.

### b. *There Is No Evidence of Bad Faith by the Plaintiffs.*

Courts may justify denying leave to file an amended pleading based on the bad faith or dilatory motive on the part of the movant. *See Foman*, 371 U.S. at 182*; State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir.1981). However, bad faith "requires an affirmative demonstration by the non-moving party." *Roller Bearing Co. of Am. v. Am. Software,*

*Inc*., 570 F. Supp. 2d 376, 386 (D. Conn. 2008)(citing *Monahan v. New York City Dep't of Corr*., 214 F.3d 275, 283-284 (2d Cir. 2000)). Here, there is no evidence of bad faith on the part of the Plaintiffs in seeking leave to file the Proposed Second Amended Complaint.  Plaintiffs simply seek to add new allegations that support their claim that a number of the Individual Defendants created and fostered a racially hostile work environment. (Goldstein Aff. ¶5, 6.)

Even if this Court were to find that there was undue delay in seeking leave to file the Proposed Second Amended Complaint, the Second Circuit has explained that "[m]ere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Retirement Bd.,* 654 F.2d at 856 (citations omitted); *see also Randolph Found. v. Duncan,* No. 00-CV-6445, 2002 WL 32862, at *3 (S.D.N.Y. Jan. 11, 2002) ("[T]he fact that a party may have had evidence to support a proposed amendment earlier in the litigation does not, by itself, give rise to an inference of bad faith.")*.*

### c. *Defendants Will Not Be Prejudiced Should the Court Grant Plaintiffs' Motion for Leave to File the Proposed Second Amended Complaint.*

There is no undue prejudice to the Defendants should the Court grant Plaintiffs' leave to amend. While "prejudice to the opposing party has been described as the most important reason for denying a motion to amend, only *undue* prejudice warrants denial of leave to amend." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 454 (S.D.N.Y. 2016) (emphasis in original) (internal quotation marks omitted). In determining whether undue prejudice exists, courts analyze whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial; (ii) significantly delay the resolution of the dispute; or (iii) prevent the plaintiff from bringing a timely action in another jurisdiction." *Block v. First Blood Assocs*., 988 F.2d 344, 350 (2d Cir. 1993).  However, complaints of "the time, effort and money ... expended in litigating [the] matter," without more, simply do not constitute

prejudice sufficient to warrant denial of leave to amend. *Id*. at 351. Thus, "the fact that the opposing party will have to undertake additional discovery, standing alone, does not suffice to warrant denial of a motion to amend a pleading." *Christians of Cal., Inc. v. Clive Christian N.Y., LLP*, 2014 WL 3605526, at *5 (S.D.N.Y. July 18, 2014). Courts have generally found undue prejudice to the opposing party when the amendment "comes on the eve of trial, after discovery has closed, or after a motion for summary judgment has been filed." *Underwood v. Roswell Park Cancer Inst.*, No. 15-CV-684-FPG, 2017 WL 1593445, at *5 (W.D.N.Y. May 2, 2017)(citing *Ruotolo v. City of New York*, 514 F.3d 184, 192 (2d Cir. 2008); *Grochowski v. Phoenix Construction*, 318 F.3d 80, 86 (2d Cir. 2003)).

Allowing Plaintiffs to file the Proposed Second Amended Complaint would not significantly delay this litigation or require the parties to expend substantial additional resources. Further, Plaintiffs do not expect that extensive additional written discovery would be necessary. Depositions have not yet commenced, and the Proposed Second Amended Complaint will not change the number of depositions that will be conducted. Given the procedural posture here, where discovery remains open, there would be minimal, if any, prejudice to the Defendants.

### d. *Plaintiffs' Proposed Claims Are Not Futile.*

Finally, Plaintiffs' amendment would not be futile. Futility "is a determination, as a matter of law, that proposed amendments would fail to cure prior deficiencies or to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Panther Partners Inc. v. Ikanos Commc'ns, Inc.*, 681 F.3d 114, 119 (2d Cir. 2012)(citing *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 50 (2d Cir.1991)). Accordingly, the standard governing leave to amend is whether the proposed amended pleading, when all non-conclusory facts are accepted as true and viewed

in the light most favorable to the plaintiff, states a claim upon which relief can be granted. *See Panther Partners*, 681 F.3d at 119 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009)).

Taking as true the allegations contained therein, the Proposed Second Amended Complaint plausibly states a claim for a racially hostile work environment under both 42 U.S.C. §1981 and the NYCHRL, and therefore meets Fed.R.Civ.P. 12(b)(6)'s governing standard. Hostile work environment claims under §1981 are analyzed under the same standard as those under Title VII. *See Rivera v. Rochester Genesee Reg'l Transp. Auth.*, 743 F.3d 11, 20 n.4 (2d Cir. 2014) ("The same standards [under Title VII] apply to the plaintiffs' hostile environment claims arising under the NYSHRL and to their claims arising under 42 U.S.C. § 1981.") (citations omitted). Therefore, to establish a racially hostile work environment under §1981, "a plaintiff must show that 'the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Littlejohn v. City of N.Y.*, 795 F.3d 297, 320–21 (2d Cir. 2015)(quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

To state a claim for a hostile work environment at the pleading stage, a plaintiff must plead facts

> that would tend to show that the complained of conduct: (1) is objectively severe or pervasive—that is, creates an environment that a reasonable person would find hostile or abusive; (2) creates an environment that the plaintiff subjectively perceives as hostile or abusive; and (3) creates such an environment because of the plaintiff's [protected status].
>
> *Patane v. Clark*, 508 F.3d 106, 113 (2d Cir. 2007) (internal quotations and alterations omitted).

Generally, isolated incidents of racial enimity do not suffice to maintain a hostile work environment claim, unless that incident is particularly severe. *See Schwapp v. Town of Avon*, 118

F.3d 106, 110 (2d Cir. 1997) (quoting *Snell v. Suffolk Cty.*, 782 F.2d 1094, 1103 (2d Cir. 1986))("For racist comments, slurs, and jokes to constitute a hostile work environment, there must be 'more than a few isolated incidents of racial enmity.'"). However, the determination of whether conduct is sufficiently severe or pervasive to create a hostile work environment "involves a question of fact and is generally inappropriate to determine at the pleadings stage of a litigation." *Harding v. Dorilton Cap. Advisors LLC*, 635 F. Supp. 3d 286, 301 (S.D.N.Y. 2022)(citing *Patane*, 508 F.3d at 114). The Second Circuit has "cautioned against setting the bar too high," and emphasized that "a plaintiff need only plead facts that support the conclusion that [they were] faced with 'harassment ... of such quality or quantity that a reasonable employee would find the conditions of [their] employment altered for the worse.'" *Patane,* 508 F.3d at 114 (quoting *Terry v. Ashcroft*, 336 F.3d 128, 148 (2d Cir. 2003)).

The NYCHRL, on the other hand, "requires an independent analysis." *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*, 715 F.3d 102, 109 (2d Cir. 2013)(noting that, pursuant to the 2005 amendments to the NYCHRL, "courts must analyze NYCHRL claims separately and independently from any federal and state law claims[.]") NYCHRL claims are to be "reviewed more liberally than Title VII" and correspondingly, §1981, claims. *Johnson v. Andy Frain Servs., Inc.,* 638 F. App'x 68, 71 (2d Cir. 2016)(citations omitted). This is so because "the provisions of the NYCHRL must be construed broadly in favor of plaintiffs alleging discrimination." *Id.* Under the NYCHRL, "there are not separate standards for 'discrimination' and 'harassment' claims; rather, there is only the provision of the law that proscribes imposing different terms, conditions and privileges of employment based" on a protected characteristic. *Clarke v. Intercontinental Hotels Grp.*, PLC, No. 12 Civ. 2671 (JPO), 2013 WL 2358596, at *11 (S.D.N.Y. May 30, 2013)(internal citations omitted). Accordingly, "[t]o establish a ...

discrimination claim under the NYCHRL, the plaintiff need only demonstrate 'by a preponderance of the evidence that [they have] been treated less well than other employees because of [a protected characteristic].'" *Mihalik*, 715 F.3d at 110 (quoting *Williams v. N.Y.C. Hous. Auth.*, 872 N.Y.S.2d 27, 39 (1st Dep't 2009)). Under the NYCHRL, "a discriminatory motive can be shown either by pleading direct evidence of discrimination, including comments indicating prejudice on account of a protected characteristic, or by pleading facts showing that comparators were treated better than the plaintiff was." *Wilson v. JPMorgan Chase Bank, N.A.*, No. 20 Civ. 4558 (JMF), 2021 WL 5179914 (S.D.N.Y. Nov. 8, 2021).

The allegations set forth in the Proposed Second Amended Complaint plausibly allege that Plaintiff Recio was subjected to comments and conduct that created an environment that was "altered" and "abusive" on account of his race. Plaintiff Recio alleges that Defendants Almonte, Reyes, and Velazquez told all employees on a regular basis not to let Black and Puerto Rican customers park in Defendants' parking garages. (Goldstein Aff., Ex. A at ¶87.) Employees were further instructed to place a cone in the entrance of the garages if a Black or Puerto Rican customer tried to enter the garage and tell them that the garage was full, even when there were spaces available, so that they wouldn't park in the garage. (Goldstein Aff., Ex. A at ¶87.) Defendant Almonte personally told Plaintiff Recio that Black and Puerto Rican customers were "problematic" and that he didn't want "problematic people involved in his business." (Goldstein Aff., Ex. A at ¶88.) Finally, Plaintiff Recio alleges that when Defendant Almonte or Defendant Reyes came into the garage and saw a Black or Puerto Rican customer retrieving their car or leaving their car in the garage, Defendant Almonte or Defendant Reyes would ask Plaintiff Recio who let that customer in. Defendant Reyes would tell Plaintiff Recio that "I've told you not to do that, you could lose your job." (Goldstein Aff., Ex. A at ¶89.) Plaintiff Recio, who is Black, felt

8

targeted and harassed on the basis of his race because of these pervasive and demeaning comments. (Goldstein Aff., Ex. A at ¶91.)

These allegations, when taken as true, plausibly show that Defendants Almonte, Reyes, and Velazquez's derogatory comments of an overtly racial character created a racially hostile work environment in violation of 42 U.S.C. §1981. Defendants Almonte, Reyes, and Velazquez's comments were not isolated or sporadic, but rather, occurred on a regular basis, which is enough to meet the "severe and pervasive" standard at this stage. *Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) ("As a general rule, incidents must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive.")(internal quotation marks and citations omitted). Finally, for the same reasons that Plaintiff Recio states a claim under § 1981, he also states a claim for discrimination under the NYCHRL, in light of the statute's "uniquely broad and remedial purposes[.]" *Mihalik,* 715 F.3d. at 109 (quoting Local Civil Rights Restoration Act of 2005, § 7, N.Y.C. Local L. No. 85). Therefore, the additional claims in the Proposed Second Amended Complaint are not futile.

## <u>CONCLUSION</u>

For the reasons set forth above, Plaintiffs' motion for leave to file the Second Amended Complaint should be granted.


Dated: October 3, 2023
         New York, New York

                                                    Respectfully submitted,

                                                    /s Anna Goldstein
                                                    Anna Goldstein, Esq.
                                                    Arenson, Dittmar & Karban
                                                    420 Lexington Ave. Suite 1402
                                                    New York, New York 10170
                                                    Tel: (212)490-3600

9

anna@adklawfirm.com
*Attorneys for Plaintiffs*