UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISIDRO RECIO, DARIO ALMONTE, RADHAMES RODRIGUEZ, JOSE PICHARDO DE LA CRUZ, and ULRICH ZIMERMAN HERNANDEZ, on behalf of themselves and all others similarly situated who were employed by D'Almonte Enterprises Parking Garage Inc., Ramcell Parking Corp., B Parking Lot, Inc., 119 Parking Lot Corp., Rafael Almonte, Dayhana Martinez, Kelvin Mejia, Ariel Reyes, and Miguel Velazquez,<br><br>                        Plaintiffs,<br><br>v.<br><br>D'ALMONTE ENTERPRISES PARKING GARAGE INC., RAMCELL PARKING CORP., IB PARKING LOT, INC., 119 PARKING LOT CORP., RAFAEL ALMONTE, DAYHANA MARTINEZ, KELVIN MEJIA, ARIEL REYES, and MIGUEL VELAZQUEZ,<br><br>                        Defendants. | No. 22-CV-6153 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

      Former parking garage attendants Isidro Recio, Dario Almonte, Radhames Rodriguez, Jose Pichardo de la Cruz, Ulrich Zimerman Hernandez, and opt-in Plaintiff Ramon Muñoz bring this putative collective and class action against five parking garages—D'Almonte Enterprises Parking Garage, Inc. ("D'Almonte Enterprises"), IB Parking Lot, Inc. ("IB Parking"), BPC Webster, Ramcell Parking Corp. ("Ramcell Parking"), and 119 Parking Lot Corp. ("119 Parking") (collectively, "Corporate Defendants")—and two individual Defendants, Rafael Almonte and Ariel Reyes, asserting violations of wage-and-hour provisions of the Fair Labor Standards Act

("FLSA"), New York Labor Law ("NYLL"), and New York's Wage Theft Protection Act ("WTPA").[1] Pending before this Court is Plaintiffs' partial motion for summary judgment. ECF No. 95. For reasons that will follow this Order, the Court grants the motion in part and denies it in part.

As a threshold matter, the Court must determine who constitutes an employer for purposes of the NYLL and the FLSA. Because there are material facts in dispute that bear upon (a) whether individual Defendants Almonte and Reyes are employers, *see Switzoor v. SCI Engineering, P.C.*, No. 11 Civ. 9332 (RA), 2013 WL 4838826, at *6 (S.D.N.Y. Sept. 11, 2013) ("A person may not be held individually liable for a company's FLSA [and NYLL] violations simply because he was an executive of that company."); and (b) whether Corporate Defendants constitute a "single integrated enterprise,"[2] the Court denies summary judgment against Almonte and Reyes and analyzes the instant motion as to each Plaintiff and Corporate Defendant.

Plaintiffs move for summary judgment on seven issues. As detailed below, the Court grants summary judgment in part with respect to five and denies Plaintiffs' motion in all other respects.

First, Plaintiffs argue that the FLSA's three-year statute of limitations for wage-and-hour claims, rather than the standard two-year statutory period, applies because Defendants' violations were "willful." 29 U.S.C. § 255(a). The NYLL, by contrast, has a six-year statute of limitations.

---

[1] Plaintiff Muñoz opted into this lawsuit on October 27, 2022. Consent to Join Class, ECF No. 11. On July 5, 2023, the magistrate judge to whom this action was previously referred granted Plaintiffs' motion for conditional approval of a collective action, and directed that notice be issued to employees who worked for Defendants within three years prior to the filing date of the action, Op. & Order, ECF No. 56, though no one else opted in. Pursuant to a stipulation between the parties, on May 8, 2024, the Court dismissed all claims and causes of action against Defendants Dayhana Martinez, Kelvin Mejia, and Miguel Velazquez without prejudice, and dismissed Defendants' motion for partial summary judgment as moot. Stipulation and Order, ECF No. 115.

[2] The Court further notes that, although Defendants do not challenge Plaintiffs' legal theory, "[t]he Second Circuit has never endorsed [the single integrated enterprise] theory of liability in the FLSA context, and district courts in this Circuit are divided on its application to FLSA and NYLL cases." *Spiciarich v. Mexican Radio Corp.*, No. 14-CV-9009, 2015 WL 4191532, at *5 n.5 (S.D.N.Y. July 10, 2015). *Compare Dobrosmylov v. DeSales Media Grp., Inc.*, 532 F. Supp. 3d 54, 62 (E.D.N.Y. 2021), *with Hart v. Rick's Cabaret Int'l, Inc.*, 967 F. Supp. 2d 901, 940 n.16 (S.D.N.Y. 2013).

*See* NYLL § 663(3). In light of material facts in dispute regarding willfulness, the Court denies summary judgment as to all Plaintiffs and Defendants on this issue. Accordingly, the Court denies summary judgment as to Plaintiffs' claims of FLSA violations that occurred outside the two-year statutory period.

Second, Plaintiffs assert that Defendants did not pay Plaintiffs overtime rates during weeks in which they recorded working more than forty hours, in violation of the FLSA and the NYLL.

> (a) <u>FLSA Claims</u>: In light of pay-and-hour records produced by Defendants, the Court grants Muñoz's FLSA claims against D'Almonte Enterprises and BPC Webster.

> (a) <u>NYLL Claims</u>: The Court grants summary judgment on the NYLL claims of (i) Dario Almonte against Ramcell Parking; (ii) Rodriguez, Recio, and Muñoz against D'Almonte Enterprises; and (iii) Muñoz against BPC Webster.

Because there are material facts in dispute that bear upon damages—principally, whether Corporate Defendants were required to pay the minimum wage rate for a small or a large employer under the NYLL, and whether their violations were "willful" under the FLSA—summary judgment is granted only as to liability, and the FLSA claims are limited to the two-year statutory period. The Court denies summary judgment as to the remaining Plaintiffs and Defendants.

Third, Plaintiffs assert that Defendants failed to pay them an "overtime premium" for "off-the-clock" hours worked in excess of forty hours per week, in violation of the NYLL and the FLSA.

> (a) <u>FLSA Claims</u>: Because this issue turns in part on Reyes's testimony that Defendants had knowledge of Plaintiffs' "off-the-clock" work, and in light of Reyes's testimony that he may not have supervised Plaintiffs during the statutory

3

period, the Court denies summary judgment on all Plaintiffs' FLSA claims.

(b) <u>NYLL Claims</u>: In light of both pay-and-hour records produced by Defendants, and testimony of Defendant Reyes, the Court grants summary judgment on the NYLL claims of (i) Dario Almonte against Ramcell Parking and (ii) Rodriguez and Recio against D'Almonte Enterprises. In light of factual questions that require resolution—principally, how frequently Plaintiffs worked "off-the-clock"—the Court grants summary judgment only as to liability and reserves the issue of damages for resolution at trial.

The Court denies summary judgment on this issue as to all other Plaintiffs and Defendants.

Fourth, Plaintiffs contend that they are entitled to payment of unpaid wages pursuant to the FLSA and the NYLL for "off-the-clock" hours worked before and after their regular shifts.

(a) <u>FLSA Claims</u>: Because there are material facts in dispute, and in view of Reyes's testimony that he may not have supervised Plaintiffs during the statutory period, the Court denies summary judgment on all Plaintiffs' FLSA claims.

(b) <u>NYLL Claims</u>: In light of testimony of Defendant Reyes that everyone was aware Plaintiffs performed off-the-clock work—together with Almonte's testimony that he did not know whether Plaintiffs arrived early, *see* Seo Decl. Ex. 7 (R. Almonte Deposition) 83:2–4, ECF No. 123—the Court grants the NYLL claims of (i) Muñoz against 119 Parking, (ii) Hernandez and Dario Almonte against Ramcell Parking, (iii) Rodriguez and Recio against D'Almonte Enterprises, and (iv) de la Cruz against IB Parking. Damages are to be determined at trial. The Court denies summary judgment as to all other Plaintiffs and Defendants on this issue.

Fifth, Plaintiffs contend they are entitled to unpaid wages, pursuant to the NYLL, because

4

Defendants illegally paid Plaintiffs at the lower wage rate for small employers rather than the higher rate for large employers. Due to material facts in dispute, summary judgment is denied as to all Plaintiffs and Defendants on this issue.

Sixth, Plaintiffs assert that Defendants unlawfully deducted from employees' wages (a) the cost to repair damage to customer vehicles and (b) the amounts by which customers had underpaid. The Court finds that there are no material facts in dispute as to whether D'Almonte Enterprises deducted the cost of customer underpayments from employees' wages in violation of NYLL § 193, and grants summary judgment for Plaintiffs Recio, Muñoz, and Rodriguez against D'Almonte Enterprises as to liability, with damages to be determined at trial. The Court denies summary judgment as to all other Plaintiffs and Defendants on this issue. Due to material facts in dispute with respect to whether Defendants deducted the cost to repair damage to customer vehicles, summary judgment on that issue is also denied.

Lastly, Plaintiffs assert that Defendants violated the NYLL § 195 by failing to provide Plaintiffs with WTPA-compliant notices. The Court grants summary judgment for Recio against D'Almonte Enterprises and Ramcell Parking; Dario Almonte against Ramcell Parking; Rodriguez against D'Almonte Enterprises, Ramcell Parking, and 119 Parking; de la Cruz against IB Parking; Hernandez against Ramcell Parking; and Muñoz against Ramcell Parking, D'Almonte Enterprises, 119 Parking, and BPC Webster, with damages to be determined at trial.

Although, as noted, the Court will elaborate on its reasoning in a forthcoming ruling, no later than March 31, 2025, the parties shall reach out to Magistrate Judge Stein, to whom this matter has been referred for pretrial matters, to schedule a settlement conference. The parties shall reach out within two days of the conference to advise the Court of whether settlement was reached. Furthermore, also no later than March 31, 2025, the parties shall submit a joint letter to this Court

identifying dates the parties are available for trial and how long they anticipate trial will last. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 95.

SO ORDERED.

Dated:      March 24, 2025
            New York, New York

_____
Ronnie Abrams
United States District Judge