UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X

ISIDRO RECIO, DARIO ALMONTE, RADHAMES RODRIGUEZ, JOSE PICHARDO DE LA CRUZ, ULRICH ZIMERMAN HERNANDEZ, and RAMON MUNOZ, on behalf of themselves and all others similarly situated,

                Plaintiffs,

         - against -

D'ALMONTE ENTERPRISES PARKING GARAGE, INC., RAMCELL PARKING CORPORATION, IB PARKING LOT, INC., 119 PARKING LOT CORPORATION, RAFAEL ALMONTE, and ARIEL REYES,

                Defendants.

22 Civ. 6153 (RA) (GS)

OPINION & ORDER

------------------------------------------------------------------------------X

**GARY STEIN, United States Magistrate Judge:**

Pending before the Court is Plaintiffs' letter-motion seeking sanctions pursuant to Federal Rules of Civil Procedure 16(f) and 37 based on Defendants' failure to produce documents until after the deadline for fact discovery. (Dkt. No. 89). For the reasons discussed below, Plaintiffs' motion is **DENIED**.

## BACKGROUND

Plaintiffs filed this action on July 19, 2022, asserting that Defendants violated the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL") by failing to pay them minimum wages and overtime compensation, among other violations. (Dkt. No. 1). A Scheduling Order was originally issued on January 18, 2023, setting a November 17, 2023 deadline for fact discovery. (Dkt.

1

No. 31). That deadline was subsequently extended on multiple occasions, due in part to a number of discovery disputes raised by the parties. (*See* Dkt. No. 67 (extending deadline to December 18, 2023); Dkt. No. 75 (extending deadline to February 2, 2024); Dkt. No. 77 (extending deadline to February 16, 2024); Dkt. No. 80 (extending deadline to February 29, 2024)).

On February 26, 2024, the Court held a telephone conference to resolve various discovery disputes raised in a joint status report filed by the parties on February 14, 2024. (Dkt. No. 81). An Order summarizing the rulings made at that conference was issued on February 28, 2024. (Dkt. No. 84). That Order denied certain of Plaintiffs' discovery requests but granted others. As relevant here, the Order directed Defendants to produce (1) certain lease agreements reflecting who signed the lease agreement on behalf of the relevant corporate Defendant; and (2) paystub documents issued by Defendants reflecting withholdings and deductions from wages paid to Plaintiffs. (*Id*. at 2). The Order also extended the fact discovery deadline to March 15, 2024. (*Id*. at 3).

Two days before the March 15 discovery deadline, Plaintiffs requested a limited extension of the deadline with respect to two third-party subpoenas they had served seeking banking records. (Dkt. No. 86). The Court granted that application and made clear that Plaintiffs could use the banking records even if they were produced after the close of fact discovery. (Dkt. No. 88).

On March 20, 2024, Plaintiffs filed the instant letter-motion, arguing that Defendants had failed to produce either the lease agreements or the paystub

documents, as required. (Dkt. No. 89). Plaintiffs contend Defendants' failure to timely produce the requested discovery was willful and prejudicial and warrants the imposition of sanctions under Federal Rules of Civil Procedure 16(f)(1)(c) and 37. (*Id*.). Specifically, Plaintiffs' letter asks the Court to: (1) designate certain facts as established for purposes of this litigation; and (2) award Plaintiffs their reasonable attorneys' fees and expenses associated with Plaintiffs efforts to obtain these documents. (*Id*. at 3).

On March 21, 2024, Defendants filed a letter opposing Plaintiffs' request. (Dkt. No. 90). Defense counsel represents that, as of the date of the letter, all of the documents, both the lease agreements and the paystub documents, had been produced to Plaintiffs' counsel. (*Id*. at 1). Defendants' counsel attributes the delay in production to circumstances beyond Defendants' control, namely, technical difficulties in accessing the paystub documents and an eye injury suffered by Defendants' counsel. (*Id*. at 2). Defendants' counsel further represents that "Defendants produce[d] all the documents before March 15, 2024," by which she means that her clients had provided the documents to her before March 15. (*Id*.).

Plaintiffs filed a reply letter on March 22, 2024. (Dkt. No. 91). Plaintiffs do not dispute that they received the requested documents, but continue to maintain that the delay in production is sanctionable. (*Id*.).

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 16, "the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order." Fed. R. Civ. P.

16(f)(1)(C). Rule 37, in turn, sets forth a non-exhaustive list of sanctions that may be imposed for not obeying a discovery order, including, *inter alia*, that "designated facts be taken as established for purposes of the action." Fed. R. Civ. P. 37(b)(2)(A). Instead of or in addition to imposing such sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

"[D]istrict courts possess wide discretion in imposing sanctions under Rule 37." *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (citation omitted). "Numerous factors are relevant to the exercise of this discretion, 'including (1) the willfulness of the non-compliant party or the reason for the noncompliance; (2) the efficacy of lesser sanctions; (3) the prejudice to the other party; (4) the duration of the period of noncompliance; and (5) whether the non-compliant party had been warned of the consequences of [] noncompliance.'" *Abouelmakarem v. MDNMA Inc.*, No. 21 Civ. 10625 (LJL), 2023 WL 3559392, at *6 (S.D.N.Y. May 18, 2023) (quoting *Handwerker v. AT&T Corp.*, 211 F.R.D. 203, 208 (S.D.N.Y. 2002)).

"'In addition, an award of sanctions under Rule 37 should effectuate its three purposes: (1) ensuring the disobedient party does not benefit from non-compliance; (2) obtaining compliance with discovery orders; and (3) providing a general

4

deterrent in the particular case and litigation in general.'" *Id.* (quoting *Handwerker*, 211 F.R.D. at 208).

## DISCUSSION

Applying the factors described above, the Court finds that while Defendants failed to meet the March 15, 2024 discovery deadline, the circumstances do not warrant the imposition of sanctions, either in the form of an award of attorneys' fees and costs or (to the extent Plaintiffs still seek such relief[1]) in the form of designating certain facts to be taken as established.

### A. Willfulness

"Noncompliance with discovery orders is considered willful when the court's orders have been clear, when the party has understood them, and when the party's noncompliance is not due to factors beyond the party's control." *Thompson v. Jam. Hosp. Med. Ctr.*, No. 13 Civ. 1896, 2015 WL 7430806, at *3 (S.D.N.Y. Nov. 20, 2015) (citation omitted).

Here, Defendants' noncompliance does not rise to the level of willfulness. It is true that the February 28 Order clearly directs Defendants to produce the subject documents by the March 15 deadline, and Defendants' submission on this motion demonstrates that they understood this. (*See* Dkt. Nos. 84 & 90). However, based on Defendants' counsel's uncontested representations, circumstances beyond her or

---

[1] It is not entirely clear that Plaintiffs still seek such sanctions, as their reply letter mentions nothing about it and concludes by asking the Court only "to order Defendants to incur all attorney's costs and fees associated with Plaintiffs' repeated efforts to obtain" the documents in question. (Dkt. No. 91 at 3). The Court will assume that Plaintiffs have not withdrawn their request for nonmonetary sanctions pursuant to Rule 37(b)(2)(A).

5

her client's control—namely, counsel experiencing an eye injury in the week prior to the discovery deadline, coupled with earlier technical difficulties accessing documents—ultimately prevented Defendants from timely producing the documents. (Dkt. No. 90).

Specifically, Defendants' counsel states that sometime after March 1, 2024, she began working with her clients to gather the pay stubs, but was unable to extract them from the system used by Defendants. (*Id.* at 1). Counsel and her clients therefore had to arrange for a technician who, after visiting counsel's office on March 11, 2024, provided her with access to the pay stubs. (*Id.* at 1-2). With respect to the lease agreements, Defendants' counsel represents her clients provided her with these documents on March 13 and 14, 2024. (*Id.* at 2).

Defendants' counsel emphasizes that her clients had provided her with the documents, or at least access to them, prior to the March 15 deadline. (*Id.*). However, at or around the same time, she represents that she developed "an eye injury that prevented her from working for a few days and slowed down the process of compiling all the [paystub] documents" and also prevented her from "confirm[ing] her receipt of the lease agreements until she was fully back into the office." (*Id.*). Defendants' counsel suggests that, had it not been for her eye injury and the technical difficulties that led to her having only several days to review and compile the pay stubs, she would have been able to timely produce these documents.

While Defendants' counsel does not explain why she could not have arranged for the technician to visit her office sooner than four days before the March 15

6

deadline, *see Gardner-Alfred v. Fed. Rsrv. Bank of New York,* No. 22 Civ. 1585 (LJL), 2023 WL 3495091, at *9 (S.D.N.Y. May 17, 2023) ("technical difficulties hardly constitute a valid excuse, here, where Plaintiffs waited until the last minute"), on the whole the circumstances do not compel a finding of willfulness.

As Plaintiffs note, Defendants' counsel could have informed Plaintiffs' counsel that she was experiencing complications in extracting the pay stubs or that she was suffering from an eye injury. (Dkt. No. 91 at 3). That undoubtedly would have been the proper, professional course of action. But Plaintiffs' lament that "[e]ven just one email or phone call would have obviated the need [for Plaintiffs] to file [their March 20, 2024] letter-motion" (*id.*) cuts both ways. According to Plaintiffs, the last time the parties had conferred about the outstanding discovery issues, including Plaintiffs' requests for the lease agreements and paystub documents, was March 8, 2024. (Dkt. No. 89 at 2). A phone call or email from Plaintiffs' counsel to Defendants' counsel on or around March 15, or thereafter, should have revealed that Defendants' counsel was now in possession of the documents and about to produce them. This too would have obviated the need for Plaintiffs to file their letter-motion. Plaintiffs' counsel do not explain why they did not do this.

Plaintiffs assert that willfulness can be inferred because Defendants "have repeatedly disregarded the Court's orders of February 12 and February 28." (Dkt. No. 89 at 3). However, insofar as these Orders required Defendants to produce documents, they did not set a deadline to do so other than by requiring the documents to be produced by the close of fact discovery, which ultimately was

extended to March 15. (Dkt. Nos. 80 & 84). Moreover, the two cases Plaintiffs cite in support of their willfulness argument are distinguishable. *See Gardner-Alfred*, 2023 WL 3495091, at *15-16 (sanctioned party violated multiple court orders, misrepresented what was in their possession, withheld discoverable information, and refused to produce documents altogether); *Ali v. Dainese*, 577 F. Supp. 3d 205, 211 (S.D.N.Y. 2021) (discovery order stated that "[n]o further discovery extensions [would] be granted under any circumstances").

### B. Lesser Sanctions

"A court should always seek to impose the least harsh sanction that will remedy the discovery violation and deter conduct in the future." *Farmer v. Hyde Your Eyes Optical, Inc.*, No. 13 Civ. 6653 (GBD) (JLC), 2015 WL 2250592, at *8 (S.D.N.Y. May 13, 2015) (citation omitted). To that end, courts are hesitant to impose adverse inference sanctions on parties that miss deadlines but produce the relevant materials. *See Icon Int'l, Inc. v. Elevation Health LLC,* 347 F.R.D. 274, 295-96 (S.D.N.Y. 2024) (collecting cases). Because the requested discovery has been produced, such a harsh sanction is unwarranted.

On the other hand, the "'mildest'" sanction available under Rule 37 "'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" *Abouelmakarem*, 2023 WL 3559392, at *6 (quoting *Seena Int'l, Inc. v. One Step Up, Ltd.*, No. 15 Civ. 1095 (PKC) (BCM), 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016)). Insofar as Plaintiffs seek reimbursement of the costs and fees that they incurred in their efforts to obtain the documents, including the filing

of their instant letter-motion, the fact that there are no lesser sanctions available weighs in favor of this request. Yet this alone cannot be the basis for imposing sanctions and Plaintiffs have not made a sufficient showing with respect to the other factors.

### C. Prejudice

While "a showing of prejudice is not a prerequisite for Rule 37 sanctions, it is certainly a factor that informs the Court's discretion." *Diaz v. Local 338 of the Retail, Wholesale, Dept. Store Union, United Food & Comm. Workers*, No. 13 Civ. 7187 (SJF) (SIL), 2015 WL 5158487, at *4 (E.D.N.Y. May 15, 2015). Plaintiffs assert that they "suffered significant prejudice," yet do not attribute this prejudice to Defendants' delay in producing the pay stubs and lease agreements by the March 15 deadline. (Dkt. No. 90 at 3). Rather, evidently referring to Defendants' prior conduct, Plaintiffs argue they have been prejudiced "because Defendants have turned over a number of responsive documents only *after* depositions have concluded, or failed to turn over anything at all, preventing Plaintiffs from questioning witnesses about relevant documents." (Dkt. No. 89 at 3; emphasis in original).

Plaintiffs appear to concede that if Defendants had produced the pay stubs and lease agreements on March 15—the last day of fact discovery—there would have been no discovery violation and no basis for Plaintiffs to seek sanctions. (Dkt. Nos. 90 & 91). It is therefore impossible to discern how Defendants' production of these documents a few days later caused any prejudice to Plaintiffs. With respect to

Defendants' failure to produce documents earlier than that, Plaintiffs likewise do not demonstrate prejudice because the discovery deadline was repeatedly extended and Plaintiffs do not point to any instance in which they sought to defer a deposition pending the receipt of documents and such request was denied.

### D. Duration of Noncompliance

It is undisputed that, as of the filing of Defendants' opposition letter on March 21, the subject documents had been produced. (Dkt. Nos. 90 & 91). The duration of Defendants' noncompliance with the March 15 discovery deadline was therefore, at most, six days.

Such a delay is minimal. Courts in this District have imposed sanctions where discovery delays have persisted for months or involved repeated failures to comply with court orders. *See, e.g.*, *Ali*, 577 F. Supp. 3d at 220 (imposing monetary sanctions for a delay of at least six months); *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, 673 F. Supp. 3d 345, 350 (S.D.N.Y. 20223) (awarding attorneys' fees for a five-month period of noncompliance with three discovery orders). The situation here is not comparable.

### E. Warnings About Non-Compliance

Plaintiffs have not cited anything in the record which indicates Defendants were previously warned about the consequences of failing to comply with discovery orders. To be sure, Defendants' delays in and, in some instances, resistance to producing documents occasioned a number of discovery disputes in this case which led to rulings directing Defendants to produce documents (although the Court

10

sustained Defendants' positions in some instances). But this is not a case where there has been a pattern of disobedience that would weigh in favor of sanctions.

* * *

Considering these factors together, the Court concludes that sanctioning Defendants under Rule 37(b)(2)(A) by designating certain facts to be established would be unwarranted and would provide Plaintiffs with an unfair advantage. The Court further concludes that an award of fees and costs under Rule 37(b)(2)(C) is unwarranted because, at the time Plaintiffs filed their letter-motion on March 20, Plaintiffs' counsel had apparently made no effort to communicate with Defendants' counsel since their discussion nearly two weeks earlier on March 8, which could have obviated the need for Plaintiffs' submission. Furthermore, the illness of Defendants' counsel is a significant mitigating factor. A fee award would be unjust under the circumstances.

## CONCLUSION

For the reasons stated above, Plaintiffs' request for sanctions is **DENIED**.

DATED:   New York, New York
         March 31, 2025

_____
GARY STEIN
United States Magistrate Judge